David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

_____
                                    )
Sheik Baksh,                        )
                                    )
                  Plaintiff,        )
                                    )         No.
        - against -                 )
                                    )
JBAY, LLC,                          )         **Complaint**
                                    )
                                    )
                  Defendant.        )
                                    )
_____)

      Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and allege as follows:

**I.    Introduction**

1.    This is an action for unpaid overtime under the New York Minimum Wage Act and the Fair Labor Standards Act.

**II.    Parties**

2.    Plaintiff is a natural person.

3.    Defendant JBAY, LLC (the "Employer" or "Defendant") is a New York limited liability company.

**III.    Venue and Jurisdiction**

4.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 in that Plaintiff asserts claim under federal law – viz. a claim under the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. The Court has jurisdiction over the

remaining claims pursuant to 28 U.S.C. Section 1367 in that the remaining claims are part of the same case or controversy.

5. The Court has personal jurisdiction over the Defendant in that Defendant's principle place of business in in the State of New York, specifically in Breezy Point, Queens.

6. Venue is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that Defendant resides in Queens which is part of the Eastern District.

**IV. Background**

7. At all times relevant to this complaint the Employer operated a beachside recreation area.

8. Plaintiff was employed by the Employer as a maintenance worker for approximately 3 1/2 years until his job ended in or about September of 2015.

9. Plaintiff's rate of pay was approximately $180 per day.

10. Plaintiff regularly worked in excess of 40 hours per week. More specifically, he normally worked 6 days per week from 8:00 am to 4:30 pm for a total well in excess of 40 hours per week.

11. Plaintiff was never paid overtime premiums for his extra work. Nor was he given proper wage disclosures.

**V. Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Law</u>

12. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

13. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

14. The Employer was an employer within the meaning of those same regulations.

15.     The Employer violated the above regulations in that it did not properly compensate Plaintiff for the overtime hours he worked or give him proper notification regarding the same.

Count Two: Violation of the Fair Labor Standards Act

16.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

17.     At all times relevant to this Complaint, the Employer's gross annual sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

18.     More specifically, the Employer had more than 400 cabanas and each cabana produced approximately $5000 annually in rental fees even apart from membership dues. Accordingly, the Employer would have had to have had revenues far in excess of $500,000.

19.     Further, at all times relevant to this Complaint, the Employer had more than one employee who, in the course of their employment, regularly handled goods which crossed state lines or regularly sent communications such as telephone calls, letters, or electronic mail across state lines.  For example, the maintenance workers regularly used equipment or tools which were either made outside of New York or made from materials produced outside of the State of New York.

20.     Accordingly, the Employer is a covered employer under the Fair Labor Standards Act.

21.     The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the overtime hours he worked.

WHEREFORE  Plaintiff demands judgment against the Employer in the amount of his unpaid wages, overtime, lost wages, compensatory, punitive, and liquidated damages, in an amount not more than $200,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                      Respectfully submitted,

                                      /s/ David Abrams

                                      David Abrams
                                         Attorney for Plaintiff
                                      305 Broadway Suite 601
                                      New York, NY 10007
                                      Tel. 212-897-5821
                                      Fax     212-897-5811

Dated: November 9, 2016
New York, New York